# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

E. MARIE GUNKEL,               )
                               )
    Plaintiff,              )
                               )
vs.                            )    No. 3:05-CV-220
                               )    (Phillips/Guyton)
SECURE ONE, INC., ADT SECURITY )
SERVICES, INC., and ANDERSON,  )
CRENSHAW & ASSOCIATES, L.L.C., )
                               )
    Defendants.             )

## MEMORANDUM AND ORDER

The plaintiff initiated the instant lawsuit based on wrongful collection activities, unfair and deceptive practices, and breach of contract. Defendant ADT Security Services, Inc. has filed a motion for summary judgment [Doc. 19] claiming that it is entitled to judgment on all issues as a matter of law. The plaintiff has responded in opposition. For the reasons that follow, defendant's motion [Doc. 19] is **DENIED**.

### I.    Summary of the facts

As the law requires, all disputed facts and inferences are resolved most favorably for the plaintiff. The Court merely provides an abridged summary of facts for the purposes of this opinion.

On July 28, 2003, E. Marie Gunkel states that she entered into an agreement for alarm services with ADT Security Services, Inc. ("ADT") and Secure One, Inc. ("Secure One"), the authorized dealer of ADT. Plaintiff asserts that ADT and Secure One began wrongfully drafting the sum of $98.97 per month from her checking account. Apparently, this sum was to be drafted on a quarterly basis, rather than a monthly basis. Further, Ms. Gunkel alleges that Secure One and ADT at some point wrongfully engaged defendant Anderson Crenshaw & Associates ("Anderson Crenshaw"), a purported collection agency located in Dallas, Texas, to unlawfully collect additional monies from the plaintiff. Not only does the plaintiff assert that the defendants improperly sought to collect money that was not owed, but also that ADT and Secure One employed an agency that was not licensed to collect the alleged unpaid monies in the state of Tennessee.[1]

Ms. Gunkel filed this action on February 15, 2005 against Secure One, ADT, and Anderson Crenshaw. Ms. Gunkel alleges that the aforementioned acts of Secure One and ADT are in violation of the Tennessee Collection Services Act ("TCSA"), as set forth in Tenn. Code Ann. § 62-20-101, *et seq.*; that the aforementioned acts violate the Tennessee Consumer Protection Act ("TCPA"), as set forth in Tenn. Code Ann. § 47-18-101, *et seq.*; that the aforementioned acts constitute a breach of contract; and that the aforementioned actions warrant the imposition of punitive damages.

---

[1] Defendant Anderson Crenshaw is not licensed as required by the Tennessee Collection Services Act, Tenn.Code Ann. § 62-20-105. Any person who places an account with a collection service is responsible for determining that such service is licensed as required. Tenn. Code Ann. § 62-20-118.

In its motion for summary judgment, ADT contends that it did not contract with Ms. Gunkel; that it did not have the responsibility to debit Ms. Gunkel's bank account; that it did not in fact debit Ms. Gunkel's bank account; that plaintiff cannot prove her case under the TCPA; and that damages, including punitive damages, should not be awarded. Moreover, ADT states that Anderson Crenshaw does not represent ADT and that all correspondence from Anderson Crenshaw states that Anderson Crenshaw represents Secure One. Therefore, ADT states that it is entitled to judgment as a matter of law on all issues. In response, plaintiff presents evidence that Secure One is ADT's agent with express and/or apparent authority. Plaintiff argues that ADT, through its authorized dealer/agent Secure One, entered into a contract with plaintiff, over-billed plaintiff, debited payments from plaintiff's account in excess of the amount authorized by contract, and placed plaintiff's account with a collection agency in violation of Tennessee law.

In particular, plaintiff states that ADT sent her promotional materials on its letterhead offering an incentive and rebate for home security monitoring services. ADT provided the alarm services agreement for use in its authorized dealer program that was used by Secure One and subsequently executed by the plaintiff. ADT's agreement form states that the "ADT Authorized Dealer Program is an approved program of ADT Security Services, Inc." Also, plaintiff argues that the terms and conditions information sheet incorporates the alarm service agreement and identifies the contracting party as "ADT." Moreover, the terms and conditions information sheet states that ADT is the entity that, in certain circumstances, "will continue to charge your account;" has the "right to discontinue this payment plan without

3

notice;" and requires notification to ADT regarding change of account information. The terms and conditions information sheet also provides a customer service department phone number, which is an ADT automated hotline.

Additionally, the payment authorization sheet only authorized ADT to debit the plaintiff's account, stating as follows: "I authorized ADT Security Services, Inc. and the financial institution or referenced credit card named above to electronically debit my bank account or charge my credit card." The authorization states that "[t]his document is incorporated into and made part of the Alarm Services Agreement." Both the plaintiff and the authorized dealer, Security One, signed this authorization. As part of the record, it also appears that Kari Hoekzema, ADT's representative, signed an affidavit stating that she reviewed and approved the contract between the parties.

As to collection practices, it appears that Anderson Crenshaw assumed that it was working for ADT, as well as Security One, as indicated in its answer to plaintiff's amended complaint at ¶ 41. In particular, Anderson Crenshaw states that "Secure One and ADT engaged Anderson to attempt collection of monies owed from Plaintiff." Furthermore, it appears from Ms. Hoekzema's affidavit that ADT had some part in collection. Ms. Hoekzema was responsible for reviewing "collection efforts on a regular basis."

Plaintiff also discusses the rebate that was allegedly promised to her through ADT's promotional materials. Ms. Gunkel argues that, although Ms. Hoekzema states that ADT

4

reviewed the alarm services contract, ADT did not discount her contract using the rebate. The plaintiff states that this practice is unfair and deceptive.

Defendant ADT filed no reply to the plaintiff's arguments and submissions.

II. **Law applicable to Rule 56 of the Federal Rules of Civil Procedure**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted by a court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir.1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56 of the Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence, which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an

essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir.1996).

### III. Motion for summary judgment and applicable law

Tennessee courts have identified three elements to establish apparent agency. Apparent agency exists when the principal actually or negligently acquiesces in another party's exercise of authority; the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and the third person relied on this apparent authority to his or her detriment. *Mechs. Laundry Serv. v. Auto Glass Co. of Memphis*, 98 S.W.3d 151, 157 (Tenn.Ct.App. 2002) (*quoting White v. Methodist Hosp. S.*, 844 S.W.2d 642, 646 (Tenn.Ct.App. 1992) (internal citations omitted)). Under Tennessee law, a principal is bound by the acts of an agent if an agent acts within his apparent or ostensible authority. *McCoy v. Willis*, 177 Tenn. 36, 145 S.W.2d 1020 (1940). Apparent authority can be created by a course of conduct or information likely to create the belief that an agent is authorized to act for the principle. The information can be in the form of documents or other indicia of authority given by the principle. Rest. 2d Agency § 27, Comment a (1958). Questions of apparent authority are questions of fact and are therefore for the jury to determine. *Lind v. Schenley Industries*, 278 F.2d 79 (3 Cir. 1960); *System Investment Corp. v. Montview Acceptance Corp.*, 355 F.2d 463 (10th Cir. 1966); *Frank Sullivan Co. v. Midwest Sheet Metal Works*, 335 F.2d 33 (8th Cir. 1964).

The plaintiff has presented sufficient evidence to overcome summary judgment in the instant matter. The inferences to be drawn from the evidence, viewed in the light most favorable to the plaintiff, establish genuine issues of material fact, namely whether Secure One is an authorized agent of ADT binding ADT to Secure One's actions with respect to the plaintiff.[2] ADT exercised a certain amount of control over Secure One and its activities. Further, besides the use of ADT's name and insignia on contract documents, there is evidence that ADT engaged in extensive advertising to promote the impression that ADT was substantially involved with the sale and service of alarm systems and that Secure One sold the ADT systems. Ultimately, this Court cannot find as a matter of law that a jury would not hold ADT liable for plaintiff's alleged damages arising from breach of contract, violations of the TCPA, and violations of the TCSA. Further, if it is proven that the defendants unlawfully overcharged the defendant and then wrongfully sought collection, the Court cannot say that the defendant's action would not be deemed reckless by the jury. Accordingly, defendant's motion seeking denial of punitive damages fails at this time.

---

[2]The Court merely addresses the apparent authority argument. The Court need not consider any other relationship between ADT and Secure One, which appears to be a mystery at this time. Further discovery may be useful in this regard.

IV.     **Conclusion**

For the reasons hereinabove set forth, defendant's motion for summary judgment [Doc. 19] is **DENIED in its entirety**.  Parties are directed to prepare for trial.

**IT IS SO ORDERED.**

                                        **ENTER:**

                                        s/Thomas W. Phillips
                                        UNITED STATES DISTRICT JUDGE