**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**


| | | |
|---|---|---|
| **E. MARIE GUNKEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:05-CV-220** |
| | ) | **(Phillips/Guyton)** |
| **SECURE ONE, INC., ADT SECURITY** | ) | |
| **SERVICES, INC., and ANDERSON,** | ) | |
| **CRENSHAW & ASSOCIATES, L.L.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


**ORDER**


This is an action for damages brought by an individual consumer for defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*, and for breach of contract. Plaintiff moves the Court, pursuant to Rule 4 and Rule 5 of the Federal Rules of Civil Procedure, for permission to serve defendant Secure One, Inc. by mail to four additional addresses as set forth in its filing.[1]


The addresses include residential and business addresses of the corporate defendant's remaining officer, as well as an address linked to the Secure One Inc. through an internet site. Plaintiff asserts that there is no other reasonable option for

---

[1]Previously, the Court allowed the withdrawal of Secure One Inc.'s counsel finding that extraordinary circumstances existed.

1

service, given Secure One's refusal to cooperate with its own attorneys; refusal to accept service of court documents, filings, and discovery materials; and failures to make itself available to court process by providing current addresses.

Federal Rule of Civil Procedure 5(b)(2)(B) provides that service of every pleading subsequent to the original complaint and every paper relating to discovery required to be served is effective by mailing a copy to the last known address of the person served. Also, the manner for service of a summons under Rule 4 allows for service of a corporate defendant by service to an officer or managing or general agent, in addition to agents authorized by statute. Fed. R. Civ. P 4(h)(1). A managing agent is a person authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). Plaintiff has set forth sufficient documentation with respect to establishing a managing agent for purposes of serving defendant at this juncture.

The Court finds service at the additional addresses comports with constitutional notions of due process. The method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.,* 399 U.S. 306, 314 (1950). Accordingly, service of defendant's managing agent, as well as additional addresses linked to Secure One, Inc. listed in the parties' filings, is authorized by the Federal Rules of Civil Procedure and appropriate.

For good cause, plaintiff's request to serve Secure One by mail to the new addresses set forth in its filings [Doc. 47] is **GRANTED**.

    **IT IS SO ORDERED.**


                                  **ENTER:**

                                  s/Thomas W. Phillips_____
                                  UNITED STATES DISTRICT JUDGE