# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| E. MARIE GUNKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:05-CV-220 |
| ) | (Phillips/Guyton) |
| SECURE ONE, INC., ADT SECURITY ) | |
| SERVICES, INC., and ANDERSON, ) | |
| CRENSHAW & ASSOCIATES, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon plaintiff's motion for entry of default against Secure One [Doc. 44]. On January 25, 2007, the Court ordered defendant Secure One to appoint and enter an appearance of counsel within 20 business days [Doc. 35]. On April 25, 2007, plaintiff moved for entry of default judgment against Secure One, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to otherwise defend this action by failing to follow the Court's Order to appoint and enter an appearance of counsel. On April 26, 2007, the plaintiff moved the Court for permission to serve Secure One through its CEO, owner and president, at four additional addresses as set forth in plaintiff's sealed filing [Doc. 44]. The undersigned granted plaintiff's request allowing service of Secure One by mail to Secure One's managing agent and to the four additional addresses [Doc. 50].

Thereafter, on July 2, 2007, the plaintiff filed with the Court a status report regarding

1

its attempts to serve defendant Secure One [Doc. 52]. Plaintiff reported that several of the mailings were returned, marked "return to sender," and other attempts to contact an attorney or managing agent were equally unsuccessful. Nonetheless, it appears that Secure One is still functioning as an active corporation according to the Tennessee Secretary of State's website but with its managing agent's official status is unknown.

In considering plaintiff's motion for default, the Court finds that Secure One submitted to jurisdiction of this Court when it made a general appearance by filing an answer to the complaint and amended complaint [Doc. 9] and by filing an answer to the amended and supplemental complaint [Doc. 27]. *See Dooley v. Dooley*, 980 S.W.2d 369, 371 (Tenn.App. 1998) (holding that the defendant makes a general appearance, thus consenting to the jurisdiction of the court, by acting in a manner inconsistent with the claim of absence of jurisdiction). Further, Secure One was duly and properly served with the Court's order to appoint and enter an appearance of counsel at the time the order was entered by mailing to the last known address for Secure One [Doc. 44]. *See* Fed . R. Civ. P. 5(b)(2)(B); Fed R. Civ. P. 4(h)(1).

The Court finds, in light of the above, that the plaintiff can do little else under the circumstances with regard to serving the motion for default on Secure One. Further, the Court finds that Secure One, in submitting to jurisdiction, participating in litigation, and now declining to oppose a default judgment, has waived its defense to the plaintiff's claims against it. Accordingly, the plaintiff's motion for default [Doc. 44] is **GRANTED**. The Court directs the Clerk's office to send a copy of this order to Secure One at its last known

address.

**IT IS SO ORDERED.**

                                      **ENTER:**

                                      s/Thomas W. Phillips
                                      UNITED STATES DISTRICT JUDGE